THE HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN WITT, a minor child, by and through his parents, VALERIE L. WITT, and DANIEL A. WITT, husband and wife, individually, as a marital community, and on behalf of their minor child,<br><br>Plaintiffs,<br><br>v.<br><br>MARION WARE and JOHN DOE WARE, individually and as a marital community, NAILA VANDERKOLK and JOHN DOE VANDERKOLK, individually and as a marital community, BILL TODD and JANE DOE TODD, individually and as a marital community, CARMEN CODY and JOHN DOE CODY, individual and as a marital community, LEAH STAJDUHAR and JOHN DOE STAJDUHAR, individually and as a marital community, BRENDA BIGEAGLE and JOHN DOE BIGEAGLE, individually and as a marital community, JANICE LANGBEHN and JOHN DOE LANGBEHN, individually and as a marital community, CHILDREN'S HOME SOCIETY OF WASHINGTON, a non profit Washington corporation; SERVICE ALTERNATIVES FOR WASHINGTON, INC., a Washington corporation, SUE BATSON and JOHN DOE BATSON, individually and as a marital community, SUSAN GOODSON and JOHN DOE GOODSON, individually and as a marital | No. 3:04CV5139<br><br>DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS<br><br>**NOTED ON MOTION CALENDAR: SEPTEMBER 10, 2004** |

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 1

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

| | |
|---|---|
| 1 | community, MELVA BINION and JOHN DOE BINION, individually and as a marital community, JANE DOE COATE and JOHN DOE COATE, individually and as a marital community, TOM PRICE and JANE DOE PRICE, individually and as a marital community, GORDON SINCOCK and JANE DOE SINCOCK, individually and as a marital community, BONNIE BUSHNELL and JOHN DOE BUSHNELL, individually and as a marital community, JEREMIAH OLSON, JANE DOE BUTLER and JOHN DOE BUTLER, individually and as a marital community, JOHN DOE and JANE DOE Numbers One through Five, individually and as a marital community, STATE OF WASHINGTON, and DEPARTMENT OF SOCIAL AND HEALTH SERVICES, GERI THOMAS AKERS and JERRY AKERS, individually and as a marital community, |
| | Defendants. |

## I. RELIEF REQUESTED

Defendant Service Alternatives for Washington, Inc. ("Service Alternatives"), respectfully requests this court to enter an order granting its Fed. R. Civ. P. 12(B)(6) Motion To Dismiss the Complaint of plaintiffs against Service Alternatives.

First, all claims against Service Alternatives brought by Valerie and Daniel Witt "on behalf of their minor child" Nathan Witt should be dismissed.  Once Nathan turned 18 years old on March 7, 2004, Valerie and Daniel Witt's authority to sue on Nathan's behalf terminated.  As such, Nathan Witt is the real party in interest and must maintain his alleged claims against Service Alternatives in his own right.

Second, the Complaint does not show that Valerie and Daniel Witt "regularly contributed" to the monetary and non-monetary needs of Nathan Witt.  As such, the adopting parents cannot state a claim for damage to the parent-child relationship under RCW 4.24.010.

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 2

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

Further, all claims brought "individually" by Valerie and Daniel Witt against Service Alternatives should be dismissed because they fail to state a claim upon which relief can be granted.

Finally, the potential claims are barred as the statute of limitations has expired.

## II. STATEMENT OF FACTS

### A. Factual Background

Nathan Witt ("Nathan"), was born on March 7, 1986. (Complaint, ¶ 1.1.) "Beginning in 1986," Nathan was allegedly physically and medically neglected by his natural parents. (Id., ¶ 4.2.) In 1990, Children's Protective Services removed Nathan from his natural parents' home and placed him with his grandparents. (Id., ¶¶ 4.4-4.5.) Nathan was allegedly abused by his natural father during visitations. (Id., ¶ 4.11.)

Nathan was adopted by Valerie and Daniel Witt in 1995. (Id., ¶ 1.1.) The Witts observed that Nathan was "out of control" and asked that Nathan be removed from their home. (Id., ¶ 4.13-4.14.)

Beginning in 1996, Children's Home Society "placed [Nathan] in five separate temporary homes … until a therapeutic foster home was found in Vancouver, Washington." (Id., ¶ 4.14.) It is alleged that at that home, "sexual activity began occurring" between Nathan and a younger child. (Id., ¶ 4.16.) Nathan "was then moved several more times" before being placed in an Oregon foster home. (Id., ¶ 4.16.)

Defendant Service Alternatives is a private foster home placement agency that contracts, in part, with the State of Washington. In the spring of 1999, for the first time, Service Alternatives was involved in placing Nathan into a foster home in Olympia. (Id., ¶ 4.17.) At that time, defendant Jeremiah Olson, a minor child, was also living at that foster home. (Id., ¶ 2.21.) Olson allegedly assaulted Nathan. (Id., ¶ 4.17.) Plaintiffs allege Service Alternatives knew Olson "had a history of raping children" when Nathan's

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 3

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

1  placement was made. (Id.) After this incident, Nathan was removed and again placed into

2  "several foster homes" by organizations other than Service Alternatives. (Id., ¶ 4.18.)

3  **B.    <u>The Pleadings</u>**

4        On March 5, 2004, plaintiffs Valerie and Daniel Witt filed suit individually and "on

5  behalf of their minor child" Nathan. In a section of the Complaint entitled "Defendants,"

6  plaintiffs specifically identified and described all of the named defendants except for Service

7  Alternatives.

8        With regard to Service Alternatives, plaintiffs allege "Service Alternatives

9  deliberately placed Nathan … with a known sexual offender." (Id., ¶ 11.7.) Plaintiffs pled a

10 cause of action for "negligent placement." (Id., ¶ 20.5.)

11       On March 7, 2004, Nathan reached the age of majority.

12                           **III. <u>STATEMENT OF ISSUES</u>**

13       1.    Whether this court should enter an order granting Service Alternatives'

14 12(B)(6) Motion to Dismiss all claims brought "on behalf of" Nathan Witt because Nathan,

15 on turning 18 years-old, is the real party in interest and must maintain his alleged claims

16 against Service Alternatives in his own right?

17       2.    Whether this court should enter an order granting Service Alternatives'

18 12(B)(6) Motion to Dismiss all claims of Valerie and Daniel Witt for damage to the parent-

19 child relationship because they did not regularly provide support for the monetary and non-

20 monetary needs of Nathan as required by RCW 4.24.010?

21       3.     Whether this court should enter an order granting Service Alternatives'

22 12(B)(6) Motion to Dismiss all claims brought by Valerie and Daniel Witt individually

23 against Service Alternatives for failure to state a claim upon which relief can be granted.

24       4.    Whether the statute of limitation bars the parental claims?

25                           **IV. <u>EVIDENCE RELIED UPON</u>**

26       This motion is based on the pleadings on file herein.

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 4

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

## V. AUTHORITY AND ARGUMENT

**A.** **Legal Background.**

The applicable civil rules do not contain a specific procedure for raising an objection that the plaintiff is not the real party in interest, nor do they indicate when the challenge should be made. *Dennis v. Heggen*, 35 Wn. App. 432, 434, 667 P.2d 131 (1983). However, since the objection is in the nature of a defense, it is properly the basis of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Id. See generally* Federal Rules of Civil Procedure, 2004 Litigation Manual, A.J. Stephani, Rule 17, p. 149; 14 Washington Practice, Civil Procedure, Karl B. Tegland, § 11.5, p. 312-13.

Fed. R. Civ. P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest is "the person who, if successful, will be entitled to the fruits of the action." *Northwest Independent Forest Mfrs. v. Department of Labor and Industries*, 78 Wn. App. 707, 716, 899 P.2d 6 (1995).

"[W]hen an infant is a party, he or she shall appear by guardian." RCW 4.08.050. "Emancipation occurs by law when a child reaches the age of majority." *Balch v. Balch*, 75 Wn. App. 776, 779, 880 P.2d 78 (1994). The statutory age of majority is 18. RCW 26.28.010.

The authority of a guardian ad litem terminates automatically on the child's 18th birthday. RCW 11.88.140(1). *See Morgan v. Burks*, 17 Wn. App. 193, 200, 563 P.2d 1260 (1977) (father's authority as guardian ad litem to settle son's personal injury suit terminated automatically on son's 18th birthday). *See generally* 43 C.J.S. Infants, § 113, p. 310 ("The authority of a guardian ad litem or next friend of an infant to represent him in the conduct of the cause expires with the minority of the infant.").

FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 5

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:  (206) 292-8930

B. **When Nathan Witt Reached The Age Of Majority, Valerie And Daniel Witt's Authority To Sue On Nathan's Behalf Terminated Automatically; Nathan, As The Real Party In Interest, Must Maintain His Alleged Claims Against Service Alternatives In His Own Right.**

The authority, if any, of Valerie and Daniel Witt to sue "on behalf of" Nathan Witt terminated automatically on March 7, 2004, the day Nathan turned 18 years old. At that time, their authority to represent Nathan in court expired.

Nathan is the real party in interest with respect to the alleged claims against Service Alternatives. If he is successful on those claims, Nathan, not Valerie and Daniel Witt, will be entitled to any damages awarded. As such, Nathan must maintain this action in his own right.

Fed. R. Civ. P. 17(a) provides in relevant part:

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Procedurally, Nathan must either (1) join in the action in his own right, (2) substitute in as his adoptive parents withdraw, or (3) affirmatively ratify the action. *See generally Fleming v. French*, 1998 WL 808632 (Wn. App. 1998) (unpublished) (in a suit for sexual abuse by a parent filed by the guardian ad litem for a minor child, the child was substituted in as a party in her own right once she reached 18). Nathan's joinder, substitution or ratification "should be accomplished by formal filing of a notice or a motion." *See generally* 14 Washington Practice, Civil Procedure, Karl B. Tegland, § 11.5, p. 313.

Nathan's adoptive parents filed this suit two (2) days *prior* to Nathan turning 18 years old. There is no showing in the Complaint that Nathan, after turning 18 years old, wants to prosecute this action against Service Alternatives. Therefore, unless Nathan joins this action, all claims brought "on behalf of" Nathan must be dismissed.

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 6

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

C. **<u>Valerie And Daniel Witt Fail To State A Cause Of Action Under RCW 4.24.010.</u>**

Valerie and Daniel Witt allege a cause of action in their own right. In Washington, there is one cause of action allowed by parents for injury or death of a minor child. RCW 4.24.010 emphasis added. RCW 4.24.010.

> The mother or father, or both, who has *regularly contributed to the support* of his or her minor child … may maintain or join as a party an action as plaintiff for the injury … of the child… In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.

In order to maintain an action for injury to a minor child, the parent must first establish that they "regularly contributed to the support of his or her minor child . . . ." Support includes monetary and non-monetary contributions.

*See Postema v. Postema Enterprises, Inc.*, 118 Wn. App. 185, 195, 72 P.3d 1122 (2003) ("support" includes monetary and non-monetary contributions to a child's life and well-being). *See generally* Historical and Statutory Comments to RCW 4.24.010 ("support" includes, but is not limited to, emotional, psychological, and financial support).

In the present case, shortly after Valerie and Daniel Witt adopted Nathan in 1995, they demanded his removal because Nathan was "out of control." (Complaint, § 4.13.) In 1996, Nathan was removed, as requested, and placed into a number of different foster homes for the next several years. Nathan apparently never physically resided with his adopted parents after they voluntarily placed Nathan into the foster care system.

There are no allegations in the Complaint that Valerie and Daniel Witt *regularly contributed* to the *support* of Nathan's monetary and non-monetary needs. *See Guard v. Jackson*, 83 Wn. App. 325, 330, 921 P.2d 544 (1996) (father did not regularly provide financial support to child in that father made only seven (7) out of twenty-three (23) monthly child support payments). To the contrary, as alleged in the Complaint, the physical and

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 7

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:    (206) 292-8930

1  financial day-to-day needs of Nathan were assumed by his foster care providers, not the
2  Witts.

3        In *Benoy v. Simons*, 66 Wn. App. 56, 831 P.2d 167 (1992), the court dismissed the
4  parents' cause of action for injury to their parent-child relationship.  The court found the
5  parents' relationship with their child was "poor" and "severely impaired" for approximately
6  two (2) years before the alleged injury to the child.  *Id*., 66 Wn. App. at 59, 64.  The court
7  noted that the child did not live with the parents for approximately a year before the injury or
8  after the injury.  *Id*. 66 Wn. App. at 64.

9        Here, the Complaint clearly shows that Nathan was not part of the Witts' life for three
10 (3) years prior to the alleged assault by Jeremiah Olson and for several years after the
11 incident.  The Complaint does not allege any companionship between the Witts and Nathan.
12 To the contrary, the Witts demanded that Nathan be removed from their home because he
13 was out of control.  The Witts cannot show *loss* of companionship or *destruction* to their
14 parent-child relationship.  Thus, Valerie and Daniel Witt cannot state a cause of action under
15 RCW 4.24.010.  There was no companionship to lose and no parent-child relationship to be
16 destroyed.[1]

17       Even assuming support, as required under RCW 4.24.010, plaintiffs Valerie and
18 Daniel Witt also fail to allege any compensable damages.  As indicated above, an action
19 under RCW 4.24.010 allows, in addition to damage to the parent/child relationship, damages
20 for medical and other expenses.  There are no such losses here.

21
22
23
24
---
[1] To the extent Valerie and Daniel Witt are making a claim for damage to the parent-child relationship based on alleged violations of several federal statutes, such claim is without merit.  Violation of the federal statutes named (42 U.S.C. §§ 1983, 1985, 1986, 1987, and 1988), are not personal injury actions.  As such, because RCW 4.24.010 expressly applies only if the child has been first *injured*, Valerie and Daniel Witt cannot recover damages under 4.24.010 for alleged violations of the federal statutes.

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 8

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:  (206) 292-8930

D.  **Plaintiffs Cannot State A Claim Upon Which Relief Can Be Granted Under 42 U.S.C. § 1985 (1) And (3).**

In their Complaint, plaintiffs state a "Seventh Claim for Relief" based on 42 U.S.C. 1985. In that section of the Complaint, plaintiffs state that Service Alternatives "deliberately placed Nathan … into a foster placement … with a known sexual offender … [who] subsequently raped" Nathan. (Complaint, ¶ 11.7.) Plaintiffs further state:

> Defendants in their individual capacity … conspir[ed] to interfere with civil rights in obstructing justice to the minor child, and by intimidation or threat to the relatives who sought to protect and care for the child, and depriv[ed] the minor child of rights and privileges pursuant to 42 USC § 1985(1) and (3).

(Id., ¶ 11.12.)

Although plaintiffs "Seventh Claim for Relief" refers to "defendants," it is unclear whether plaintiffs intended to include Service Alternatives. However, to the extent Valerie and Daniel Witt are pleading a cause of action under 42 U.S.C. § 1985(1) and (3), "on behalf of" Nathan against Service Alternatives, such claim should be dismissed for failure to state a claim upon which relief can be granted.

42 U.S.C. § 1985(1) (Conspiracy To Interfere With Civil Rights), provides:

> (1) Preventing Officer From Performing Duties.  If two or more persons in any State … conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

42 USC § 1985(3) provides, in relevant part:

> (3) Depriving Persons Of Rights Or Privileges.  If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 9

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

>preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or territory the equal protection of the laws …

Plaintiffs did not (and cannot) plead that Service Alternatives "conspired" with any of the named defendants to deprive Nathan of any right or privilege due under 42 USC § 1985(1) and (3). There is no allegation in the Complaint that Service Alternatives prevented, intimidated, or threatened plaintiffs or anyone from doing their duty or otherwise protecting Nathan. Plaintiffs simply do not credibly allege that Service Alternatives deprived Nathan of any right or privilege pursuant to 42 U.S.C. § 1985(1) and (3). As such, Nathan Witt did not (and cannot) state a claim upon which relief can be granted under 42 U.S.C. § 1985(1) and (3).

**E.     To The Extent Valerie And Daniel Witt Intend To Assert Causes Of Action In Their Own Right Under 42 U.S.C. §§ 1983, 1986, 1987 And 1988 Against Service Alternatives, Plaintiffs Fail To Plead Sufficient Facts To State A Claim Upon Which Relief Can Be Granted.**

It is difficult to determine whether plaintiffs intended to assert causes of action under 42 U.S.C. §§ 1983, 1986, 1987 and 1988[2] against Service Alternatives. This is because plaintiffs pled causes of action under these federal statutes against "the named Defendants" without specifically identifying which defendants and without specific factual allegations.

However, even if plaintiffs intend to assert these federal causes of action against Service Alternatives, plaintiffs have not stated a claim upon which relief can be granted. There are absolutely no factual allegations pled in the Complaint that Service Alternatives violated any of theses federal statutes. Thus, such claims, if asserted should also be dismissed.

---

[2] 42 U.S.C. § 1983 (Civil Action For Deprivation Of Constitutional Rights), § 1986 (Action For Neglect To Prevent Conspiracy Established In § 1985), § 1987 (Federal Officials Required To Prosecute violators Of Certain Federal Laws), and § 1988 (Proceedings In Vindication Of Civil Rights).

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 10

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

### F. The Parental Claims, If Any, Are Barred By The Applicable Statute Of Limitations.

Plaintiffs' complaint as to Service Alternatives is premised upon conduct occurring in the spring of 1999, when, it is alleged, Jeremiah Olson assaulted Nathan Witt. (Complaint, ¶ 4.17.) Plaintiffs submitted a "Tort Claim Form" with the State of Washington on September 14, 1999. (Id., ¶ 3.1.)

Parental claims are in part derivative and in part independent actions for economic injury and "loss of love and companionship." RCW 4.24.010; *Hinzman v. Palmanteer*, 81 Wn.2d 327, 501 P.2d 1228 (1972); *Schurk v. Christensen*, 80 Wn.2d 652, 497 P.2d 937.

Actions for personal injury must be filed within three years. 4.16.080(2). Actions for assault are limited to two years. RCW 4.16.100. Thus, the parental claim premised upon assault or alleged negligence of Service Alternatives is barred by the statute of limitations.

The parental claims, if any, premised upon 42 U.S.C. § 1985 *et. seq.,* are also barred. Since 42 U.S.C. § 1985 does not contain a statute of limitations, the federal courts look to the forum state for the most closely analogous state action to determine a time within which the cause of action must be commenced. *Carmichle v. Weddle*, 555 F.2d 545 (1977, CA6 KY); *Cap v. LeHigh University*, 433 F.Supp. 1275 (1977, ED PA). As noted above, the parental claims primarily sound in tort and, thus, the statute of limitation for actions premised on assault or negligence are the most closely analogous state actions. Where the action for relief is not otherwise specifically provided for, the action must be commenced within two years. RCW 4.16.130.

Therefore, the parental claims are barred by the applicable statute of limitations and should be dismissed.

DEFENDANT SERVICE ALTERNATIVES FOR WASHINGTON'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
No. 3:04CV5139

Page 11

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

## VI.  CONCLUSION

Defendant Service Alternatives for Washington, Inc., respectfully requests this court to enter an order granting its Fed. R. Civ. P. 12(B)(6) Motion To Dismiss the Complaint of plaintiffs against Service Alternatives.  A proposed order is filed herewith.

DATED:  August 19, 2004.

/s/ Thomas R. Merrick
Thomas R. Merrick, WSBA #10945
E-Mail:  tom.merrick@bullivant.com
Dan L. Johnson, WSBA #24277
E-Mail:  dan.johnson@bullivant.com
Attorneys for Defendant SERVICE ALTERNATIVES FOR WASHINGTON, INC.
Bullivant Houser Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone: (206) 292-8930
Facsimile:  (206) 386-5130

3411226.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Gary Alan Preble

Paul Francis James

BULLIVANT HOUSER BAILEY PC

By:/s/Marci L. Brandt
   Marci L. Brandt

marci.brandt@bullivant.com