UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN WITT, a minor child, by and through his parents, VALERIE L. WITT, and DANIEL A. WITT, husband and wife, individually as a marital community, and on behalf of their minor child,

Plaintiffs,

v.

MARION WARE and JOHN DOE WARE, individually and as a marital community, *et al.*,

Defendants.

Case No. C04-5139FDB

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON 42 U.S.C. 21§ 1983 CLAIMS

This cause of action alleges that Nathan Witt was physically, sexually, and medically neglected by his parents, that the individually named caseworkers and the Department of Social and Health Service violated their[1] civil rights in conducting negligent investigations, and that the failure to protect Nathan from abuse by his natural family was a breach of Defendants' constitutional duty.

Defendants move for summary judgment on the 42 U.S.C. § 1983 claims pursuant to *DeShaney v. Winnebago County Dept. Of Social and Health Services*, 489 U.S. 189 (1989) wherein the Supreme Court ruled that there is no constitutional right to protection from an abusive parent.

---

[1] Valerie and Daniel Witt adopted Nathan and assert claims against the defendants as to themselves as well as Nathan.

ORDER - 1

Defendants also move for dismissal under the doctrines of absolute and qualified immunity as defined in *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003).

Plaintiffs Witt respond that while *DeShaney* sets forth the general rule, there are exceptions that apply in this case. Specifically, the Witts argue that while mere negligence is not a sufficient basis for Section 1983 liability, state workers can be held liable if there was deliberate indifference by the state actor to the welfare of the child in the state's care. The Witts also argue that defendants have no qualified immunity because they violated a clearly established constitutional right of Nathan Witt.

The *DeShaney* case arose on behalf of a minor child who was physically abused by a parent. The child was temporarily removed from his father, certain protective measures were taken, and counseling was required, then the child was returned to his father's custody. The abuse began again, and finally, an action under 42 U.S.C. § 1983 was brought against the social workers. In *DeShaney*, the Court discussed the purpose of the Due Process clause of the Fourteenth Amendment, noting that "The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. ... Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney*, 489 U.S. at 195-96. The Court concluded: "As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 196-97.

The exception for a "special relationship" does not apply in this case because it is not disputed that Nathan Witt was exclusively in the physical custody of his biological parents or grandparents at the times he was allegedly subject to abuse and/or neglect at their hands. *DeShaney* explains the "special relationship" exception:

> In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty – which is the

ORDER - 2

> "deprivation of liberty" triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means.

489 U.S. at 200.

A second exception, which may be referred to as the "danger creation" exception, is implied in *DeShaney*:

> While the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them.

489 U.S. at 201.  This exception does not apply because, as several courts have held, the act of returning a child to the abusive parents' custody did not affirmatively create a greater risk of abuse than the child faced had he or she never been removed in the first place. *See, e.g. Terry B. v. Gilkey*, 229 F.3d 680 (8th Cir. 2000); *Powell v. Georgia Dep't of Human Resources*, 114 F.3d 1074 (11th Cir. 1997).

Additionally, absolute or qualified immunity would preclude Plaintiffs' claims.  A social workers' actions outside the courtroom, such as investigating, are shielded by qualified immunity, while action that is closely connected to the judicial process and involving the discretional decisions and recommendations made during a dependency case are entitled to absolute immunity.  The advocacy to the court by the social workers to allow Nathan to remain with his parents with an array of support services is closely connected to the judicial process and is analogous to the discretionary decisions made by prosecutors and is shielded by absolute immunity.  *See Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003).  Other actions of the social workers in this case would be shielded by qualified immunity.  In order to maintain a 1983 action, a plaintiff must demonstrate that the law during the time of the alleged misconduct was so clearly established that any reasonable official would have known that their conduct was unconstitutional.  *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151 (2001).  The first step in a qualified immunity analysis is whether a constitutional right is implicated by the facts of the case.  *Id.* at 2155.  A court must "survey the legal landscape" at the

ORDER - 3

time of the alleged misconduct. *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir. 1996). The relevant time period in this case is from August 1986 (the first report of neglect) and November 1991 (parents allowed only supervised visitation). During that time frame the ruling in *DeShaney* was made in 1989. Under the jurisprudence of this period, there was no clearly established constitutional right to protection from parental abuse as alleged by the Witts herein.

Accordingly, having considered the parties' submissions, the Court concludes that for all the reasons set forth by Defendants, the Plaintiffs' claims under 42 U.S.C. § 1983 must be dismissed.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion for Partial Summary Judgment [Dkt. # 35] on the 42 U.S.C. § 1983 claims is GRANTED and Plaintiffs' claims under 42 U.S.C. § 1983 are DISMISSED with prejudice.

DATED this 1st day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4