UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN WITT, a minor child, by and through his parents, VALERIE L. WITT and DANIEL A. WITT, husband and wife, individually as a marital community, and on behalf of their minor child,

Plaintiffs,

v.

MARION WARE and JOHN DOE WARE, individually and as a marital community, et al.,

Defendants.

Case No. C04-5139FDB

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFFS' CLAIMS UNDER 42 U.S.C. §§ 1985, 1986, and 1988

The Defendants State of Washington and its agents (Defendants) move for partial summary judgment dismissing Plaintiffs' claims under 42 U.S.C. §§ 1985, 1986 and 1988. Nathan Witt allegedly was abused and medically neglected by his biological parents and was ultimately adopted by the Witts. Plaintiffs bring the previously mentioned claims alleging that the individually named defendant social workers, a mental health counselor, and a foster parent engaged in a conspiracy to deprive Plaintiffs of their civil rights. Plaintiffs claims pursuant to 42 U.S.C. § 1983 have previously been dismissed. [Dkt. # 49]  The Parents' claims for loss of the parent/child relationship have been dismissed as well. [Dkt. # 58]

ORDER - 1

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

Conspiracies to deprive persons or classes of persons of the equal protection of the law or of equal privileges and immunities under the law are prohibited by 42 U.S.C. § 1985(3). Plaintiffs must be a member of a class that requires special federal assistance in protecting its civil rights. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992). Section 1985 does not create a cause of action for conspiracies to deprive persons of rights guaranteed only by state law and it applies only to discriminatory deprivations of federal rights. *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825 (1983).

Plaintiffs have submitted declarations from a former guardian ad litem for Nathan Witt as well as a declaration from Valerie Witt. Plaintiff does not demonstrate how the differing views expressed in these declarations lead to an inference of acts that are "unlikely to have been undertaken without an agreement," and which could allow a jury to infer the existence of a conspiracy. *See Mendocino*

ORDER - 2

*Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1302 (9th Cir. 1999).  Plaintiffs assert that Nathan has a sensory, mental, or physical disability that renders him part of a protected class pursuant to RCW 49.60.030.(1), but a plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights.  *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992).  Plaintiffs do not have a cause of action under Section 1985(3).

Neither have Plaintiffs shown that there is a cause of action under 42 U.S.C. § 1985(2); this section provides a cause of action against a conspiracy to intimidate a witness from testifying in federal court, and there are no such facts alleged to support such a claim.

A cause of action pursuant to 42 U.S.C. § 1986 may be brought against any person who knows that a conspiracy actionable under either Section 1983 or 1985(3) is about to be committed, has the power to prevent or aid preventing the conspiratorial wrongs, and fails to or neglects to act.  *Lac du Flambeau Bank of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 759 F. Supp 1339, 1352 (W.D. Wis. 1991).  Thus, a finding of conspiracy under either 42 U.S.C. § 1983 or § 1985 is a necessary prerequisite to a finding of liability under Section 1986.  Because Plaintiffs have failed to demonstrate the prerequisite conspiracy, their claim under Section 1986 fails as well.

Additionally, Defendants would be entitled absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings.  *See Meyers v. Contra Costa Co. Department of So. Servs,* 812 F.2d 1154, 1157 (9th Cir. 1987).  *And see Doe v. Lebbos*, 348 F.3d 889 (9th Cir. 2003) (applying *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003)(A social worker's alleged failure to adequately investigate abuse and neglect reports and to adequately present complete information to the court were absolutely immune functions.).

It naturally follows, that failure to allege facts to support claims under the forgoing statutes precludes a right to attorney fees under 42 U.S.C. § 1988.

ORDER - 3

**CONCLUSION**

The foregoing discussion demonstrates that Plaintiffs have failed to come forward with specific facts that show that the individually named defendant social workers, a mental health counselor, and a foster parent engaged in a conspiracy to deprive them of their federal rights. Plaintiffs' claims under 42 U.S.C. §§ 1985, 1986, and 1988 must be dismissed.

NOW, THEREFORE, IT IS ORDERED:

1. GRANTED is the Motion for Partial Summary Judgement Dismissing Plaintiffs' Claims under 42 U.S.C. §§ 1985, 1986, and 1988 [Dkt. # 39] brought by Defendants MARION WARE and JOHN DOE WARE, individually and as a marital community; NAILA VANDERKOLK and JOHN DOE VANDERKOLK, individually and as a marital community; BILL TODD and JANE DOE TODD, individually and as a marital community; CARMEN CODY and JOHN DOE CODY, individually and as a marital community; LEAH STAJDUHAR and JOHN DOE STAJDUHAR, individually and as a marital community; BREND BIGEAGLE and JOHN DOE BIGEAGLE, individually and as a marital community; JANICE LANGBEHN and JOHN DOE LANGBEHN, individually and as a marital commuity, JANICE LANGBEHAN and JOHN DOE LANGBEHN, individually and as a marital community; MELVA BINION and JOHN DOE BINION, individually and as a marital community; JANE DOE COATE and JOHN DOE COATE, individually and as a marital community; TOM PRICE and JANE DOE PRICE, individually and as a marital community; GORDON SINCOCK and JANE DOE SINCOCK, individually and as a marital community, JANE DOE BUTLER and JOHN DOE BUTLER, individually and as a marital community; JOHN DOE and JANE DOE Numbers One through Five, individually and as a marital community; STATE OF WASHINGTON and DEPARTMENT OF SOCIAL AND HEALTH SERVICES; and

ORDER - 4

2. Plaintiffs' claims under 42 U.S.C. §§ 1985, 1986, and 1988 against the above-named defendants are DISMISSED.

DATED this 29th day of July 2005.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5