UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN WITT, a minor child, by and through his parents, VALERIE L. WITT, and DANIEL A. WITT, husband and wife, individually as a marital commuity, and on behalf of their minor child,<br><br>    Plaintiff,<br><br>    v.<br><br>MARION WARE, *et al.*,<br><br>    Defendants. | Case No. C04-5139FDB<br><br>ORDER GRANTING IN PART MOTION TO DISMISS FOR FAILURE TO ATTEND DEPOSITION AND FOR COSTS AND FEES |

Nathan Witt allegedly was abused and medically neglected by his biological parents and was ultimately adopted by the Witts. Plaintiffs bring the previously mentioned claims alleging that the individually named defendant social workers, a mental health counselor, and a foster parent engaged in a conspiracy to deprive Plaintiffs of their civil rights. Plaintiffs claims pursuant to 42 U.S.C. § 1983 have previously been dismissed. [Dkt. # 49] The Parents' claims for loss of the parent/child relationship have been dismissed as well. [Dkt. # 58] Nathan Witt is no longer a minor, but there is a pending motion to substitute Valerie Witt in place of Nathan Witt as his representative.

ORDER - 1

1    Nathan Witt's deposition was scheduled for July 1, 2005 and notice of this deposition was
2 prepared and mailed to Plaintiff's counsel on June 17, 2005; additionally, Defendants sent a reminder
3 of the deposition by facsimile and by U.S. mail on June 29, 2005.  Defendant's counsel noted in the
4 reminder,"I am aware that you indicated some difficulty in locating and making Mr. Witt available
5 for his deposition.  However, the State has the right to depose a party to this lawsuit." (James Decl.
6 Ex. 4.)  Nathan Witt did not appear for his deposition.  Valerie Witt, who was at the deposition, was
7 asked about her efforts to get him to attend, and she explained that Nathan is homeless, but she
8 knows the places where he "hangs out," that the last time she saw him was the week before June 15,
9 2005 and that she talked to Nathan on the telephone on June 15, 2005.  She reported that Nathan
10 hung up on her before she could give him the details about the scheduled deposition, that "He didn't
11 want anything to do with anything," and "His words is he's just sick and tired of talking to people."
12 (James Decl., Ex. 5, pp. 4-6.)  Defendants incurred costs for the deposition and attorney's fees and
13 for preparing this motion in the amount of $538.80.

14    Additionally, on May 21, 2004 Defendants mailed their First Interrogatories and Requests for
15 Production to Nathan, Valerie, and Daniel Witt.  Defense counsel extended the time to respond by
16 two weeks on June 17, 2004.  Plaintiff's counsel wrote to Defense counsel on July 1, 2004 as
17 follows:

18/19 > This is to follow up on my letter regarding interrogatories in the above case.  We do not believe that Nathan Witt is competent, and, therefore, we do not feel confident in answering the interrogatories.

20 (James Decl., Ex. 9.)  Later, in a statement signed September 2, 2004, Nathan Witt states:

21/22/23 > I am aware that this lawsuit is going on.  I have read the Complaint in this matter.  I want to continue to be a part of this lawsuit.  I have met with Gary Preble and want him to represent me as my attorney in this matter against the State of Washington and others.

24 (James Decl. Ex. 10.)

26 ORDER - 2

Under Fed. R. Civ. P. 37(d), the Court may make such orders that are appropriate when a party fails to appear for a deposition after being served with proper notice. The Court has discretion to dismiss the action, among other things. Fed. R. Civ. P. 37(b)(2).

Defendants move for dismissal for Nathan Witt's failure to appear for his own deposition and move for their reasonable expenses including attorneys fees.

Plaintiffs respond that dismissal is too harsh a penalty in view of the fact that Nathan has since been incarcerated and his deposition was set at the Olympia jail on July 20, 2005. As far as the failure to respond to discovery requests, Plaintiffs suggest that at the deposition, Defendants may ask Nathan any appropriate questions.

Plaintiffs excuses are not convincing in the face of the importance of a defendant being able to depose a party or to obtain discovery from a party in a lawsuit. In view of the deposition having been rescheduled, the Court will not order dismissal, but monetary sanctions in the form the costs, including attorney's fees incurred is appropriate.

ACCORDINGLY, IT IS ORDERED:

1. Defendants' Motion To Dismiss, Pursuant to FRCP 37(d) for Plaintiff's Failure To Attend His Own Deposition And For Costs And Fees [Dkt. # 55] is GRANTED in part and DENIED in part as follows: dismissal is denied, but Plaintiff shall pay to Defendants their costs and fees in the amount of $538.80; and

2. Payment shall be made within ten days from the entry of this Order.

DATED this 3rd day of August 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3